UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Fred Martin, 242768, ) | C/A No. 4:15-2104-DCN-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Susan Duffy, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The plaintiff, Anthony Fred Martin, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Plaintiff is an inmate at Broad River Correctional Institution and files this action in forma pauperis under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

I.      Factual and Procedural Background

Plaintiff indicates that in September of 2014 he filed "a nonthreatening informal resolution attempt against Sergeant B. Rogers for inappropriate and unwanted touching 'battery.'" Subsequently, Plaintiff indicates that he was escorted to a holding cell by inter alia, the Defendant Captain Susan Duffy. Plaintiff indicates that Defendant Duffy informed him that he was going to lock-up in light of the "kiosk message" against Sergeant Rogers, in order to maintain the integrity of an anticipated investigation.

Plaintiff alleges that the Defendant violated a policy of the South Carolina Department of Corrections ("SCDC") by subjecting him to "reprisal, retaliation, harassment or disciplinary action

1

for filing a grievance or for participating in the resolution of a grievance." Plaintiff also alleges a violation of his right to equal protection in that he asserts the Defendant, by placing him in "lock-up" and "segregation" after Plaintiff filed a kiosk message related to one Sergeant Rogers, "treated the Plaintiff differently than other inmates who filed nonthreatening informal resolution attempts . . ." Plaintiff also indicates that he had a liberty interest in remaining in the general population. (ECF No. 1). Plaintiff seeks monetary damages. (ECF No. 1 at 7).

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995) ( en banc ); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is

immune from such relief."[1] FN1 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2) (B), a claim based on a meritless legal theory may be dismissed sua sponte. See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir.1995).

This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d

---

[1]Screening pursuant to § 1915A is subject to this standard as well.

1128 (10th Cir.1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

   B.   Analysis

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

   1.   Due Process and Equal Protection Claims

Plaintiff alleges a violation of his right to due process under the Fourteenth Amendment based on the defendants' alleged violation of prison policy and his asserted "liberty interest to remain in the general population." (ECF No. 1) However, § 1983 provides relief from a violation of federal constitutional rights, not from a violation of prison-created policies or procedures. See Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C.1992); see also Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir.1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide that law is not a federal due process issue."). Further, a prisoner has no constitutional right to a prison grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state."); see also Ashann–Ra v. Commonwealth of Virginia,

112 F.Supp.2d 559, 569 (W.D.Va.2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Finally, South Carolina law confers no protected liberty interest upon SCDC inmates from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. See, e.g., Keeler, 782 F.Supp. At 43–44. (citing Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)).Thus, Plaintiff fails to state a cognizable due process claim under § 1983.

Plaintiff further alleges a violation of his right to equal protection. (ECF No. 1.) "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir.2001). In this case, Plaintiff provides no factual allegations to show that the Defendant treated Plaintiff differently than any other similarly situated inmate or that his placement in segregation in anticipation of an investigation resulted from intentional or purposeful discrimination. The court must liberally construe a pro se complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Further, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678–79 (citation omitted). As Plaintiff fails to plead facts that would support a plausible equal protection claim, the Complaint is subject to summary dismissal.

**RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case

*without prejudice.  See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 30, 2015
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).